# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONALD JOSEPH CULBERTSON,

*Plaintiff,*

vs.

Case No. 12-2734-EFM-DJW

ERIC H. HOLDER, JR., in his official capacity as UNITED STATES ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS,

*Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Donald Culbertson ("Culbertson"), a former employee of the United States Penitentiary ("USP") in Leavenworth, Kansas, brings claims for disability discrimination pursuant to the Americans with Disabilities Act of 1990 ("ADA")[1] and the Rehabilitation Act of 1973.[2] Culbertson also asserts a claim for retaliatory discrimination pursuant to Title VII of the Civil Rights Act of 1974.[3] Defendant United States Attorney General Eric H. Holder now moves to dismiss certain discrimination claims and all retaliatory discrimination claims for lack of subject matter jurisdiction because Culbertson failed to exhaust his administrative remedies.

---

[1] 42 U.S.C. § 12101 *et seq.*

[2] 29 U.S.C. § 701.

[3] 42 U.S.C. § 2000e *et seq.*

Defendant also moves for summary judgment on Culbertson's exhausted discrimination claim. For the reasons stated below, the Court grants Defendant's motion to dismiss all of Culbertson's unexhausted discrimination and retaliation claims. Additionally, the Court grants Defendant's motion for summary judgment on Culbertson's remaining exhausted discrimination claim.

## I.     Factual and Procedural Background[4]

Culbertson was born with atrophy on the right side of his body, which restricts the total movement of his right leg and makes it difficult for him to grip with his right hand. From 1989 to 2010, Culbertson worked as a WS-8 Maintenance Mechanic Foreman Supervisor at USP Leavenworth in Leavenworth, Kansas. Culbertson also served a brief term as the Acting General Foreman from October 2009 through January 2010 and received an "Outstanding" evaluation during that period. On occasion, Culbertson also filled in as Acting General Foreman on a temporary basis throughout his career.

In June 2010, a federal employment website, USAJOBS.com, posted the position of General Foreman at USP Leavenworth. Culbertson applied for this position and was placed on a list of nine "Best Qualified" applicants. Scott Whitson, Facilities Administrator for the North Central Region in Kansas City, Missouri, received the list of nine "Best Qualified" applicants. Whitson was Culbertson's supervisor at USP Leavenworth from 1994 through 2000 and described Culbertson as a "very good worker."[5] Whitson recommended three applicants to Mike Nalley, Regional Director of the North Central Region, who acted as the selecting official. Culbertson was not among the three applicants recommended to Nalley.

---

[4] In accordance with the procedures for dismissal and summary judgment, the Court has set forth the uncontroverted facts as related in the light most favorable to the nonmovant.

[5] Mem. in Supp. of Def.'s Mot. for Summ. J., Doc. 7, at 7.

Culbertson alleges that his experience as Maintenance Mechanic Foreman Supervisor and Acting General Foreman made him more qualified than the successful applicant for the position of General Foreman. According to Culbertson, Whitson and Nalley refused to promote him due to his disability. But Defendant asserts that Nalley did not know Culbertson and had no knowledge of his disability. Additionally, Whitson provided sworn testimony that he did not consider Culbertson's disability when he chose not to recommend him for the General Foreman position.

When his application for the General Foreman position was denied, Culbertson filed an EEOC complaint, alleging that he had been discriminated against because of his disability. Following an investigation and hearing regarding Culbertson's 2010 disability discrimination claim, the EEOC rendered a final decision in Defendant's favor and issued Culbertson the right to bring a civil lawsuit. Culbertson subsequently filed a two-count complaint in this Court. In his first count, Culbertson alleges that Defendant discriminated against him by permitting discriminatory conduct during a new-employee training course in 1989, subjecting him to disparaging comments made by co-workers and supervisors, and refusing to hire him for the position of General Foreman in 1990, 1993, 1994, 1998, 2000, 2003, and 2010. In his second count, Culberson alleges that Defendant refused to promote him in retaliation for filing an EEOC complaint in 1998. In response to Defendant's dispositive motions, Culbertson also mentions "glass ceiling" or hostile work environment claims not asserted in his EEOC charge or complaint to this Court. Defendant now seeks to dismiss all but Culbertson's 2010 discrimination claim for failure to exhaust administrative remedies and requests summary judgment on that remaining claim.

## II. Legal Standards

### A. Rule 12(b)(1) Motion to Dismiss for lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.[6] Under Title VII, the ADA, and the Rehabilitation Act, a plaintiff must exhaust administrative remedies before filing suit.[7] "In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit."[8] Thus, a district court must dismiss unexhausted claims for lack of subject matter jurisdiction.[9]

### B. Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[10] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[11] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[12] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[13] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary

---

[6] *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001).

[7] *Ransom v. U.S. Postal Serv.*, 170 F. App'x 525, 527 (10th Cir. 2006).

[8] *Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997).

[9] *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005).

[10] Fed. R. Civ. P. 56(a).

[11] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[12] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[13] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

judgment.[14] The court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[15]

### III. Analysis

**A. Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies**

    1. **Culbertson's Prior Discrimination Claims**

Culbertson admits that he did not exhaust his administrative remedies with respect to Defendant's refusal to promote him to General Foreman in 1990, 1993, 1994, 1998, 2000, or 2003. Likewise, Culbertson has not alleged that he filed an EEOC charge regarding the discriminatory treatment he allegedly suffered during the 1989 new-employee training course. Both parties agree that because Culbertson did not exhaust administrative remedies regarding specific and discrete instances of discrimination in 1989, 1990, 1993, 1994, 1998, 2000, or 2003, this Court lacks jurisdiction over any discrimination claims arising therefrom. Accordingly, the Court must grant Defendant's motion to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(1).

    2. **Culbertson's Retaliation Claims**

Requiring a Title VII claimant to exhaust administrative remedies serves the dual purposes of providing notice of the claims to the charged party and ensuring that the administrative agency has the opportunity to investigate and resolve the claims.[16] "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed

---

[14] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Alder v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[15] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[16] *Rader v. U.S.D. 259 Wichita Pub. Sch.*, 844 F.Supp. 2d 1206, 1210 (D. Kan. 2011).

EEOC charge for which the plaintiff has received a right-to-sue letter."[17] Moreover, "the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that 'each discrete incident' of alleged discrimination or retaliation 'constitutes its own unlawful employment practice for which administrative remedies must be exhausted.'"[18] Failing to allege a particular claim in an initial EEOC charge may preclude a plaintiff from pursuing that claim in federal court for failure to exhaust administrative remedies.[19]

In an initial charge, a plaintiff's failure to mark boxes for particular allegations creates a presumption against claims represented by the unchecked boxes.[20] The presumption against an unmarked claim can be rebutted by a clear explication of the claim in the narrative portion of the charge.[21] In *Kear v. Kohl's Dep't Stores, Inc.*, the plaintiff marked the check-box next to "Sex" but not the "Retaliation" check-box in her initial charge.[22] In the narrative description of the alleged discriminatory action, the plaintiff did not mention or allude to retaliatory conduct by her employer, but later alleged retaliatory behavior in her complaint to the district court.[23] Because

---

[17] *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (citation omitted).

[18] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)).

[19] *See Rader*, 844 F.Supp. 2d at 1210-11 (dismissing plaintiff's discrimination claim on the basis of national origin because nothing in plaintiff's initial charge indicated national origin as the basis of a claim).

[20] *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998).

[21] *Id.*

[22] 2013 WL 424881 *3 (D. Kan. Feb. 4, 2013).

[23] *Id.*

the plaintiff in *Kear* failed to allege retaliatory behavior in her initial charge, the court found her retaliation claim unexhausted and dismissed the claim for lack of subject matter jurisdiction.[24]

In this case, Culbertson marked boxes for disability discrimination and physical discrimination on his EEOC charge, but he failed to check the box for retaliation or "Reprisal." In Culbertson's narrative description, he does not allege or allude to any retaliatory conduct. Furthermore, during the administrative hearing regarding Culbertson's discrimination charge, the EEOC Administrative Judge asked if any other issues or claims needed to be addressed, and Culbertson did not mention any claim or allegations of retaliation. For these reasons, the Court finds that Culbertson has failed to rebut the presumption against his claim for retaliation, which was not marked on his EEOC charge. Therefore, the Court finds that Culbertson has failed to exhaust his administrative remedies concerning his discriminatory retaliation claims, and must dismiss Count II of Culbertson's complaint under Fed. R. Civ. P. 12(b)(1).

### 3. Culbertson's "Glass Ceiling" Claim

It is unclear whether Culbertson intends to pursue a glass ceiling or hostile work environment claim. Culbertson has not alleged such claims in his EEOC charge or his complaint, but he alludes to such claims in his response to Defendant's motion to dismiss. A plaintiff bears the burden of proving that he exhausted the applicable administrative remedies.[25] Culbertson's initial EEOC charge does not indicate a glass ceiling or hostile work environment claim, and the only issue addressed in the EEOC administrative hearing was Culbertson's 2010 claim of disability discrimination. Furthermore, Culbertson's complaint does not allege either a glass ceiling or hostile work environment claim, nor has Culbertson attempted to amend his

---

[24] *Id.* at *4.

[25] *See Shikles*, 426 F.3d at 1317.

complaint to include such claims. Culbertson has not alleged any facts to indicate that administrative remedies regarding a glass ceiling or hostile work environment claim have been exhausted. Therefore, Culbertson is precluded from pursuing such claims for failure to exhaust administrative remedies.

**B. Summary Judgment on Culbertson's 2010 Discrimination Claim**

For the reasons stated above, this Court lacks subject matter jurisdiction over all but Culbertson's 2010 claim of disability discrimination, for which Defendant now moves for summary judgment. Culbertson alleges that Defendant's failure to promote him constitutes disability discrimination in violation of the ADA and the Rehabilitation Act. The ADA and the Rehabilitation Act apply the same standards in employment discrimination claims.[26] When a plaintiff alleges a claim of disability discrimination but cannot produce any direct evidence of discrimination, as in this case, the Court applies the *McDonnell Douglas* burden-shifting analysis.[27] Under that framework, the plaintiff bears the burden of establishing a prima facie case of discrimination.[28] If the plaintiff meets the initial burden, the burden shifts to the defendant to show legitimate, non-discriminatory reason for its actions.[29] If the defendant provides such a reason, then the burden returns to the plaintiff who must show that the defendant's stated reasons are a pretext for improper intent.[30]

---

[26] *Jarvis v. Potter*, 500 F.3d 1113, 1121 (10th Cir. 2007).

[27] *See Jones*, 502 F.3d at 1188-89.

[28] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[29] *Id.*

[30] *Id.* at 804.

Here, Culbertson cannot establish a prima facie case that the 2010 denial of his application for General Foreman was discriminatory. To establish a prima facie failure to promote case alleging disability discrimination, Culbertson must show that "(1) he has a 'disability' within the meaning of the Americans with Disabilities Act; (2) he was qualified, with or without reasonable accommodation, to perform the essential job functions of the position he sought; [and] (3) his employer refused the promotion under circumstances which give rise to an inference the decision was based on his disability."[31] The parties agree that Culbertson has a disability. The uncontroverted facts also suggest that Culbertson was qualified for the position because he was placed on the "Best Qualified" list and because he received an "Outstanding" evaluation for his service as Acting General Foreman.

However, Culbertson cannot satisfy the third element of a prima facie showing of a disability discrimination claim. Nalley and Whitson were responsible for making promotion decisions in this case. It is uncontroverted that Nalley did not know of Culbertson's disability. Further, Whitson provided sworn testimony that he did not consider Culbertson's disability in any way when deciding whether to suggest Culbertson for the position of General Foreman. Culbertson failed to controvert this fact[32] or bring forth specific facts showing a genuine issue for trial. Culbertson's affidavit details his qualifications, but this evidence primarily concerns the second element of his prima facie case, which is not in dispute. Culbertson offers no evidence supporting his assertion that Whitson or Nalley held a discriminatory bias against him. Other than Culbertson's own testimony in the administrative hearing, the Court has no record of a 1998

---

[31] *Rakity v. Dillon Companies, Inc.*, 302 F.3d 1152, 1164 (10th Cir. 2002).

[32] The Court notes that because Culbertson did not comply with Local Rule 56.1, failing to "specifically controvert" this fact in his response to Defendant's motion for summary judgment, it is "deemed admitted for the purpose of summary judgment." D. Kan. R. 56.1(a).

letter written to Whitson and other individuals that "Plaintiff was not to be harassed."[33] Culbertson's speculation that Whitson was "seriously embarrassed and resented Plaintiff as a result"[34] cannot withstand summary judgment.[35]

Culbertson's attempt to attribute a discriminatory motive to Defendant by showing multiple denials of his application for the position of General Foreman and through allegations of frequent disparaging and insulting comments made to him about his disability fails because such allegations are not supported by anything more than their inclusion in Culbertson's complaint to this Court. These bald assertions do not create a genuine issue of material fact that can withstand the sworn testimony supporting Defendant's motion for summary judgment. Because Culbertson cannot make a prima facie showing of discrimination regarding his 2010 failure to promote claim, the Court must enter summary judgment in Defendant's favor.

**IT IS ACCORDINGLY ORDERED** this 11th day of July, 2013, that Defendant's Motion to Dismiss for Lack of Jurisdiction and Defendant's Motion for Summary Judgment (Docs. 4, 6) are hereby GRANTED.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[33] Resp. to Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction and Mot. for Summ. J., Doc. 11, at 17.

[34] *Id.*

[35] *Brown v. Unified Sch. Dist. No. 501*, 459 F. App'x 705, 711 (10th Cir. 2012) ("[M]ore than pure speculation is required to defeat a motion for summary judgment.") (quoting *Lewis v. Tripp*, 604 F.3d 1221, 1230 (10th Cir. 2010)).