# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONALD JOSEPH CULBERTSON,

    *Plaintiff,*

vs.

ERIC H. HOLDER JR., in his official capacity as UNITED STATES ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS,

    *Defendant.*

Case No. 12-2734-EFM-DJW

## MEMORANDUM AND ORDER

In 2013, this Court granted summary judgment in favor of Defendant on Plaintiff Donald Culbertson's claim of employment discrimination based on disability stemming from a denial for a promotion at the United States Penitentiary in Leavenworth. This matter is before the Court on Culbertson's Motion for Relief from Summary Judgment (Doc. 19). Culbertson seeks relief under Federal Rule of Civil Procedure 60(b) based on excusable neglect or any other reason that justifies relief. In support, Culbertson offers arguments and information that could have been presented in response to Defendant's Motion for Summary Judgment. But the Court finds no basis to find excusable neglect or any other justifiable reason for relief. Because relief under Rule 60(b) is not available to Culbertson under these circumstances, Culbertson's Motion for Relief from Summary Judgment is denied.

## I. Factual and Procedural Background

The factual background of this action was explained more fully in this Court's grant of summary judgment in Defendant's favor in July 2013.[1] Highly summarized, Plaintiff Donald Culbertson was born with atrophy on the right side of his body that restricts the functions of his right leg, right arm, and right hand. For 21 years, he worked as a maintenance supervisor at the federal prison in Leavenworth. In 2010, after filling in as Acting General Foreman, Culbertson applied for the position of General Foreman.

Scott Whitson, then a facilities administrator, recommended three applicants to Mike Nalley, a regional director, who made the hire. Culbertson was not hired for the position. He filed a lawsuit that alleged, among other things, that he was not promoted because of discrimination based on his disability. In July 2013, this Court granted summary judgment in Defendant's favor on Culbertson's failure-to-promote claim. In July 2014, Culbertson filed a Motion for Relief from Summary Judgment (Doc. 19) under Federal Rule of Civil Procedure 60(b), which is now before the Court.

## II. Legal Standard

Under Federal Rule of Civil Procedure 60(b)(1), the court may relieve a party from a final judgment for excusable neglect or, under Rule 60(b)(6), for "any other reason that justifies relief." Relief under Rule 60(b) is discretionary.[2] A party may not use a Rule 60(b) motion to revisit the same issues already addressed and dismissed by the court or to introduce new

---

[1] Memorandum and Order, Doc. 17, p. 2-3; *Culbertson v. Holder*, 2013 WL 3517141, at *4-5 (D. Kan. July 11, 2013).

[2] *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

arguments or supporting facts that were available when the party briefed the original motion.[3] Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."[4] A party seeking relief under Rule 60(b) must overcome a high hurdle because such a motion is not a substitute for an appeal.[5]

A motion under Rule 60(b) must be made within a reasonable time, and a motion under Rule 60(b)(1) for excusable neglect must be made no more than a year after the entry of judgment.[6] But just because a Rule 60(b)(1) motion has been filed within a year does not by itself necessarily make the motion timely.[7] The court also must consider whether the motion was made within a reasonable time and should consider "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."[8]

The party making the motion has the burden of pleading and proving excusable neglect.[9] Factors in determining whether excusable neglect exists include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[10] Carelessness by a litigant or his counsel is not a

---

[3] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1999).

[4] *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

[5] *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 (10th Cir. 2007).

[6] FED. R. CIV. P. 60(c)(1).

[7] *See White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990).

[8] *Mullin v. High Mountain*, 182 Fed. Appx. 830, 833 (10th Cir. 2006).

[9] *See Pelican*, 893 F.2d at 1146.

[10] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005).

reason to grant relief for excusable neglect.[11] The court should resolve doubts in favor of the party seeking relief.[12] If the moving party can establish excusable neglect, he also must demonstrate that he has a meritorious claim.[13]

A motion made under Rule 60(b)(6) seeking relief for "any other reason that justifies relief" has been described as a "grand reservoir of equitable power to do justice in a particular case."[14] But such a motion may be granted only in extraordinary circumstances and only when necessary to accomplish justice.[15]

### III. Analysis

Culbertson seeks relief from this Court's summary judgment against him on the grounds of excusable neglect under Rule 60(b)(1) and in the interests of justice under Rule 60(b)(6). Culbertson argues that the Court failed to view the inferences in the light most favorable to him given the evidence presented in the motion for summary judgment. Culbertson has provided seven new facts in addition to the evidence and arguments previously submitted. Defendant responds by arguing that Culbertson has failed to show extraordinary circumstances necessary to justify relief under Rule 60(b). The Court agrees.

Initially, the Court questions whether the motion has been filed within a reasonable time. The Court notes that just because the one-year deadline for filing is met, a motion under Rule 60(b)(1) is not automatically timely. The motion was filed 11 days before the one-year deadline,

---

[11] *See Pelican*, 893 F.2d at 1146.

[12] *Id*.

[13] *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 n.2 (10th Cir. 1996).

[14] *Id*. at 579.

[15] *Id*.

but Culbertson has offered no reason for the delay. Even assuming the motion is timely, the motion is denied for failure to show excusable neglect or any other reason that justifies relief.

In granting summary judgment against Culbertson, the Court concluded that "Culbertson offers no evidence supporting his assertion that Whitson or Nalley held a discriminatory bias against him."[16] In his present motion, Culbertson now provides seven new facts attempting to show Whitson's discriminatory bias against him. Culbertson adds details from incidents dating from 1998 to 2000 and attributes his failure to be promoted in 2010 to Whitson's alleged history of discriminatory bias based on Culbertson's disability. Culbertson has submitted an affidavit swearing to these facts.[17] Notably, Culbertson's motion concedes that his summary judgment response did not focus "in detail on the prior conduct of Scott Whitson, from which the Court could properly have drawn an inference that a pre-existing bias" existed and admits that his response "chose to focus most intently on his positive qualifications for the position."[18]

As noted earlier, a party may not use a Rule 60(b) motion to introduce new supporting facts that were available when the party briefed the original motion.[19] Here, Culbertson has offered arguments and information that could have been presented in his response to summary judgment. And Culbertson has not offered an excuse that could lead this Court to make a finding of excusable neglect. There can be no relief for excusable neglect "when a party takes deliberate action upon advice of counsel and simply misapprehends the consequences of the action."[20]

---

[16] Memorandum and Order, Doc. 17, p. 9; *Culbertson*, 2013 WL 3517141, at *4.

[17] Affidavit, Doc. 21.

[18] Memorandum in Support of Motion, Doc. 20, p. 6.

[19] *See Van Skiver*, 952 F.2d at 1243.

[20] *Cashner*, 98 F.3d at 578.

Culbertson had the opportunity to present evidence of Whitson's past incidents of bias and chose not to do so. As such, the Court has no basis to find excusable neglect.

Similarly, Culbertson has failed to carry his burden to show that there is any other reason that justifies relief. Culbertson revisits arguments about what was presented at the summary judgment phase, insinuating that the Court erred by not viewing all reasonable inferences in his favor. But those kinds of arguments must be raised either on direct appeal or within the context of a Rule 59 motion to alter or amend a judgment.[21] Relief under Rule 60(b) is more limited and is not available to Culbertson under these circumstances. Relief under Rule 60(b)(6) requires a showing of an unanticipated intervening change of circumstances.[22] Culbertson has not asserted that any new information has come to light since this Court's grant of summary judgment against him. Therefore, there is no basis for the Court to find any other reason to justify relief.

**IT IS THEREFORE ORDERED** that Culbertson's Motion for Relief from Summary Judgment (Doc. 19) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of August, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[21] *See Cashner*, 98 F.3d at 577.

[22] *Id*. at 579.